UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROKENYE MCCARTHY** | **CASE NO.  6:21-CV-01512** |
| **VERSUS** | **JUDGE JUNEAU** |
| **RECEIVABLE RECOVERY SERVICES L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### ORDER

Before the Court is Defendant's Motion to Dismiss or alternatively for Summary Judgment.  Rec. Doc. 21.  The plaintiff has opposed this Motion in its Rule 56(d) Cross Motion for Discovery.  Rec. Doc. 26.  For the reasons stated below, the Motion to Dismiss is **DENIED**; the Motion for Summary Judgment is **DENIED** as premature **WITHOUT PREJUDICE** of the right of Defendant to re-urge its motion at a later time; and plaintiff's Rule 56(d) Cross Motion for Discovery is **GRANTED**.

I.      Factual Background

This case alleges a violation of the Fair Debt Collection Practices Act (FDCPA).  15 U.S.C. §1692 *et seq*.  The defendant, Receivable Recovery Services, LLC (Receivable Recovery), is a debt collection agency, which in this instance was

seeking to collect allegedly unpaid debts owed by Ms. McCarthy.  Rec. Doc. 21, ¶1.  Ms. McCarthy alleges that she sent a letter disputing these debts to Receivable Recovery and that such letter was received, as demonstrated through a USPS tracking number.  Rec. Doc. 12, ¶¶23-24.  The plaintiff further alleges that the defendant then violated the FDCPA by communicating with credit agencies regarding Ms. McCarthy's disputed debts without notifying the credit agencies that the debts were disputed.  Rec. Doc. 12, ¶¶ 23-30.  In response, Receivable Recovery argues that they never received the letter in question.  The defendant primarily relies upon evidence of their longstanding policies for incoming mail to demonstrate that they did not receive the disputed letter.  Rec. Doc. 21, ¶4.

II.     Procedural History

The Original Complaint in this case was filed on June 03, 2021.  Rec. Doc. 1.  The defendant filed a Motion to Dismiss or for Summary Judgment on August 09, 2021.  Rec. Doc. 6.  The plaintiff then filed an Amended Complaint on August 30, 2021. Rec. Doc. 12.  After the Amended Complaint was filed, the original Motion to Dismiss or for Summary Judgment was denied without prejudice.  Rec. Doc. 18.  The defendants then filed their renewed Motion in response to the Amended Complaint on October 01, 2021.  Rec. Doc. 21.  At this point, no discovery has been completed in this case.

III. Analysis

a. Motion to Dismiss

To survive a Motion to Dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a claim contains enough factual material to "support [each of] the elements of the cause of action," then dismissal is improper. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

A claim under the FDCPA requires the plaintiff to show that "(1) plaintiff has been the object of collection activity arising from consumer debt; (2) defendant is a debt collector as defined by the FDCPA; and (3) defendant has engaged in an act or omission prohibited by the FDCPA." *Ghanta v. Immediate Credit Recovery, Inc.*, 2017 WL 1423597 at *2 (N.D. Tex. April 18, 2017). Here, the first two elements are not disputed, so the only disputed element is whether defendant engaged in some activity prohibited by the FDCPA. In her complaint, plaintiff has alleged that she sent a letter to defendant disputing her debt. Rec. Doc. 12 ¶23. Further, plaintiff alleges that the letter was delivered, with confirmation by a USPS Tracking Number. *Id.* ¶24; *see also* Rec. Doc. 21-1 at 2 (letter to defendant with

Certified Mail Receipt).  Finally, plaintiff has claimed that despite her letter disputing the claims, defendant reported these accounts to several credit agencies without noting the accounts were disputed.  Rec. Doc. 12 ¶¶25-29.  If true, these allegations would constitute a violation of 15 U.S.C. §1692e(8) which bars credit agencies from "communicating...to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. §1692e(8).  Thus, plaintiff has clearly demonstrated sufficient factual material to plausibly claim that the defendant violated the FDCPA.  As a consequence, the Motion to Dismiss is **DENIED.**

  b.  Motion for Summary Judgment

Summary judgment is appropriate where there is "no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In situations where an actual controversy exists, however, such as "when both parties have submitted evidence of contradictory facts," summary judgment is inappropriate.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).  A "genuine issue of material fact" exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When reviewing a Motion for

Summary Judgment, the Court must view the evidence, and the inferences created by the evidence, "in the light most favorable" to the nonmoving party. *United States v. Diebold*, 369 U.S. 654, 655 (1962).

The plaintiff's primary response to the Motion for Summary Judgment is to request additional time for discovery under Federal Rule of Civil Procedure 56(d). Such motions are "broadly favored and should be liberally granted" where the non-moving party can show that additional discovery will create a genuine issue of material fact.  *Raby v. Livingston*, 600 F.3d 552, 562 (5th Cir. 2010) (quoting (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 1990)).  The Court can respond to such a request in a number of ways, including deferring a ruling on the Motion for Summary Judgment or by denying such Motion to allow time for discovery.  Fed. R. Civ. Pro. 56(d)(1).

In cases involving a violation of 15 U.S.C. §1692e(8), the issue "depends solely on the debt collector's knowledge that a debt is disputed."  *Sayles v. Advanced Recovery Systems, Inc.*, 865 F.3d 246, 251 (5th Cir. 2017) (quoting *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998)).  Thus, the statute is violated if the defendant knew or should have known that the debt was disputed but fails to communicate that fact.

Here, the plaintiff has presented evidence to show that she sent a letter disputing her debts, and that this letter was delivered. Rec. Docs. 26-4 and 26-5. In contrast, the defendant points to their longstanding procedures regarding mail intake and alleges that they have no record of such a letter. Rec. Doc. 21-2, ¶¶ 8-15. At this stage in the proceedings, however, the record contains only broad assertions that such policies do in fact exist. Rec. Doc. 21-2. Because there is such limited factual material on the record on this topic, granting summary judgment is premature.

The defendant also argues that the Court could grant summary judgment based on the bona fide error defense under 15 U.S.C. §1692(k)(c). This defense can prevent liability if a debt collector can prove "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692(k)(c). As discussed above, however, the record contains very little information regarding the actual content and execution of the defendant's policies regarding mail intake. It would be premature for the Court to determine at this stage whether an issue of material fact exists regarding whether these policies are "reasonably adapted" to avoid an error such as this.

Consequently, on the issue of both the defendant's knowledge of the dispute and the bona fide error defense, the Court finds that the Motion for Summary Judgment is premature. Consequently, the Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE.**

    c. Other Issues

Receivable Recovery has also argued that summary judgment is appropriate for other reasons in their briefings. The Court disagrees that these arguments warrant summary judgment and will dispense with them here.

First, the mere fact that the plaintiff chose not to pay the fee for a certified mail receipt certificate does not mean that the Court may thus presume the letter was not received. The cases cited by defendant merely show that when such a certified mail receipt is requested, but not received, then the general presumption of receipt may not exist. *See e.g. Mulder v. C.I.R.*, 855 F.2d 208, 211-12 (5th Cir. 1988). Absent this scenario, however, there remains a presumption "that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered." *Id.* at 212. Further, this is not an instance where the plaintiff mailed a letter without any way of confirming its receipt. The plaintiff has presented evidence that the letter was received via the tracking number. Rec. Docs. 26-4 and 26-5. While plaintiff could have chosen to pay an extra fee

for the return receipt certificate, she is not required to do so, and her choice not to do so does not invalidate her claims.

Additionally, the defendant argues that since the debts are valid, summary judgment is appropriate.  Rec. Doc. 22 at 11-16.  However, as previously discussed the sole issue in this case is whether the defendant received the plaintiff's letter disputing her debts and subsequently failed to communicate that dispute.  Defendant is not alleging that they investigated and resolved the dispute, but rather that they did not receive the letter.  Thus, any discussion of whether the debts were valid is entirely irrelevant.

Finally, defendants argue that the plaintiff has not suffered harm and lacks standing.  The Fifth Circuit has held that standing exists in such situation since this type of FDCPA violation creates a "real risk of financial harm caused by an inaccurate credit rating."  *Sayles v. Advanced Recovery Systems, Inc.*, 865 F.3d 246, 250 (5th Cir. 2017).  As such, the plaintiff has standing to bring this case.

IV.   Conclusion

For the foregoing reasons, the Court **HEREBY ORDERS** that the Motion to Dismiss (Rec. Doc. 21) is **DENIED.**  The defendant's Motion for Summary Judgment (Rec. Doc. 21) is **DENIED** as premature **WITHOUT PREJUDICE** of the right of Defendant to re-urge its motion at a later time.  It is further ordered that the

Plaintiff's Cross Motion for Discovery (Rec. Doc. 26) is **GRANTED**, and that the parties should proceed to discovery in this case. The Court **FURTHER ORDERS** that the hearing for this matter, currently set for December 16, 2021, is hereby **CANCELLED**. Finally, the defendant's Motion to Strike the Plaintiff's Reply Memorandum (Rec. Doc. 30) is **DENIED** as the Court will allow that Reply Memorandum to remain on the record.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 2nd day of December, 2021.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE